MARY M. H. CLARK, Respondent, *v.* AUGUSTA CLARK, Appellant, Impleaded with Others.

*Conclusions of law — right to modify the decision — estate in remainder inherited by a husband — his wife has no dower therein.*

The conclusions of law of the justice before whom a case is tried, in the absence of any exceptions taken thereto by the plaintiff, are the measure of the plaintiff's recovery, and she is not entitled to a judgment awarding her a greater measure of relief.

A Special Term has the right to modify its conclusions of law upon the presentation of a referee's report upon an interlocutory reference, and may award such a judgment as is proper, but if there is no finding of law more favorable to the plaintiff than those contained in the decision, the judgment should conform to the decision and will on an appeal therefrom be modified accordingly.

A wife acquires no inchoate right of dower in lands inherited by her husband if they are estates in remainder and not in possession, and she has no rights therein which interfere with her husband in dealing with such estates, and he can subject them to such liens as he may choose.

A widow's claim of dower to real estate can only be asserted through her husband's title thereto, and if the title to the real estate came to him subject to a lien her dower therein is also subject to such lien.

Where three deeds were given at the same time, and form part of the same transaction, they must be read together and construed with reference to the intention of the parties.

DYKMAN, J., dissenting.

APPEAL by the defendant, Augusta Clark, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 25th day of September, 1894, upon the decision of the court, rendered after a trial at the Kings County Special Term and upon the report of a referee, with notice of an intention to bring up for review upon such appeal said decision, the refusal of the trial justice to make additional findings as requested by the appellant, an order of the Supreme Court made at the Kings County Special Term and entered in the office of the clerk of the county of Orange as of the 26th day of April, 1893, appointing a referee and said referee's report.

*Walter C. Anthony*, for the appellant.

*Joseph N. Pray*, for the respondent.

BROWN, P. J.:

The plaintiff is the widow of George H. Clark, deceased, and by the judgment appealed from has been awarded dower in the real estate described in the complaint.

George H. Clark died May 21, 1888, seized of the property in question, and by the answer the right of the plaintiff to dower in the land was not denied. The defendant set forth in her answer the history of the title to the land from the death of her husband, George Clark, in 1871, and claimed a lien thereon as security for the payment of one-half the amount of an annuity bequeathed to

her by her husband's will, which lien she asserted took precedence of the plaintiff's dower, and in her answer she expressly admitted a willingness to consent to the admeasurement of the dower whenever her claim on the land was adjusted and secured.

In the face of the facts set up in the answer and proven upon the trial, and which are not in dispute, I am unable to see the application to the case of the argument of the appellant's counsel. It may be true, as he claims, that under the will of George Clark, the defendant's husband, the trust thereby created did not absolutely determine upon the coming of age of the youngest child, but continued during the lifetime of the defendant. Whether such would be the proper construction of the will with reference to the real estate would depend upon the sufficiency or insufficiency of the personal estate to provide for the defendant's annuity. But all questions relating to a trust in the estate were eliminated when the parties partitioned the land on February 7, 1883. Prior to that date the two youngest children of George Clark had become of age, and had died. The only parties interested in the estate were the plaintiff's husband and his sister, Mrs. Townsend, and the defendant. All estates and interests in the land were vested in these three persons, and they voluntarily entered into and executed an agreement to settle the whole estate. The land in question in this action was conveyed to George H. Clark, and if there was any trust existing therein prior to February 7, 1883, it was destroyed by the conveyance of that date. By the deed then delivered to the plaintiff's husband, he acquired an absolute estate in fee simple, and the plaintiff, an inchoate right of dower. This settlement also eliminated any question that might arise from the conversion of some of the personal property into land by the foreclosure of mortgages. That question was, in a legal aspect, important to no one except the defendant, but as her annuity was one of the subjects of the settlement by the agreement then executed, she surrendered all claim she had upon the estate, and accepted the personal obligation of her son and daughter for its payment, with such security as the agreement with them gave to her.

In determining this appeal, therefore, we may start from the date of the settlement, and the question presented is not whether the plaintiff has dower in the land; that is a fact beyond dispute,

expressly admitted on the record. The sole question is, whether her dower is, in whole or in part, subject to any prior lien in favor of the defendant, and we are of the opinion that as to one-half of the land the plaintiff's dower is the superior estate, but as to the other half it is subject to the defendant's claim.

The learned judge who heard the case at Special Term found the following conclusions of law:

"(1) That the plaintiff is entitled to dower, as aforesaid, in the land and premises in the complaint mentioned, and this dower, so far as it applies to land devised absolutely to George H. Clark by his father, is not chargeable with any part of the said seven hundred and fifty dollars annuity to the defendant, Augusta Clark, unless the said defendant first show that there was an insufficiency of personal property, left by the deceased husband of said Augusta Clark, to comply with the provisions of the will of her said husband respecting the payment to her of fifteen hundred dollars per annum."

"(3) That by virtue of said will George H. Clark, the plaintiff's husband, became seized of an undivided fourth part or interest in the real estate whereof said George Clark died seized, and that such interest vested in possession at the instant the youngest child of said George Clark attained the age of twenty-one years.

"(4) That such interest or share in said real estate continued so vested in said George H. Clark during his marriage with the plaintiff in this action, and her right of dower attached to such interest, and became a vested right at the death of said George H. Clark.

"(5) That the plaintiff is entitled to dower in the remaining portion of the lands and premises mentioned in the complaint, a life estate in which was sold to the husband of the plaintiff by the defendant, Augusta Clark, but this dower is chargeable with its just and ratable proportion of said seven hundred and fifty dollars annuity.

"(6) That the right of the defendant, Augusta Clark, to her annuity continues from year to year, and whatever has not been paid her in one year should be made up afterwards, and the referee to take and state the account should ascertain and report the amount of such arrearages."

And, amplifying these findings, in his opinion he stated : "The plaintiff is, therefore, entitled to recover dower in the undivided fourth that her husband inherited from his father, and this dower is.

not chargeable with any part of the annuity to the widow under the will, unless the defendant first shows the insufficiency of the personalty to satisfy that annuity.

" The remaining interest in the realty of which plaintiff's husband died seized was acquired by inheritance, or by deed from his brother and sister and mother.   In that share, till the mother's deed, there was always an outstanding life estate in the mother; and hence till then there never was seizin in the husband or dower in his wife. But the deed from the mother expressly charges the annuity on the real estate conveyed or released.   Therefore, whatever was the effect of the will, this share acquired by this deed must bear its proportion of the annuity.   The husband's only right in such share being in remainder, he could subject it to whatever liens he saw fit, regardless of the claims of the plaintiff."

The plaintiff took no exception to these conclusions, and it is very obvious, therefore, that they measure the right of her recovery, and she was not entitled to a judgment that awarded to her a greater measure of relief.

A reference was ordered to ascertain the value of the land, and to compute the value of the plaintiff's dower, and the damages for withholding the same, and other matters of fact, of which it was necessary that the court should be informed before a judgment could be granted, and, upon the coming in of the referee's report, judgment was entered, which adjudged that " the plaintiff, as widow of George H. Clark, is entitled to dower in all the real estate described in the complaint, * * * and that said dower is entitled to precedence over all claims of defendant, Augusta Clark, in or to said real estate, or any part thereof."

By reference to the opinion of the learned judge, filed upon entering this judgment, the judgment appears to be based upon the conclusion that the referee had found that the plaintiff's claim took precedence over the defendant's claim, and was a first lien not only upon the estate which plaintiff's husband had acquired from his father, but upon all the remaining interests which he had acquired otherwise; and that as there was personal property left by George Clark sufficient to provide for the defendant's annuity, she had no claim therefor upon any part of the lands which was superior to the plaintiff's dower.

I am unable to find in the referee's report any finding that the dower was prior to the annuity. No question of that kind was referred, and such a determination was directly opposed to the findings of the court, which I have already quoted.

The defendant excepted to the conclusions I have quoted, with the exception of the sixth, and the question of the rights of the parties is, therefore, properly before us.

The Special Term undoubtedly had the right to modify its conclusions upon the presentation of the referee's report and award such a judgment as was proper, but, as the case stands, there is no finding of law more favorable to the plaintiff than those quoted, and, in the absence of any, the judgment should conform to the decision and be modified accordingly. We think, however, that the court was right in its first decision, and that the findings quoted correctly expressed the law applicable to the facts proven.

The plaintiff was married to George H. Clark in 1879. At that time he was possessed of an estate in the lands in question of a one undivided one-quarter, which he had acquired under his father's will. That estate was unincumbered, except by the provisions of his father's will, which created the defendant's annuity, and whether that created an incumbrance thereon depended upon the insufficiency of the personal property to provide for the payment of the annuity. The referee has found that there was sufficient personal estate to provide for the defendant's claim, and that conclusion has ample support in evidence. As to that share, therefore, plaintiff established the priority of her claim. At the time of the plaintiff's marriage, her husband had other estates in the land amounting to an undivided one-quarter, which he had inherited from his deceased brother and sister, but they were estates in remainder, and not in possession, and plaintiff acquired no inchoate right of dower therein. She had no rights therein which interfered with her husband in dealing with those estates, and he could subject them to such lien as he chose. On February 7, 1883, the parties made a settlement of the estate. The rights of the several parties in and to the lands owned by them were, at that date, as follows:

George H. Clark had an estate in fee simple in an undivided one-quarter, subject to the inchoate dower of the plaintiff, his wife, and an estate in remainder in an undivided quarter subject to the life

estate of the defendant, his mother. Mary A. Townsend had similar estates in the land, one-quarter being subject to the marital rights of her husband, and the other to the life estate of the defendant. The defendant had a life estate in an undivided one-half of the lands, which she had acquired from her deceased children, and she had a claim upon the entire estate for the annuity under her husband's will of $1,500.

The executors of the estate of George Clark and Mr. and Mrs. Townsend conveyed the premises described in the complaint to George H. Clark, and other land was conveyed by the said executors and plaintiff and her husband to Mrs. Townsend. These conveyances expressed as a consideration " the settlement and division of the estate and property " of George Clark, and each contained the following provision :

" This conveyance does not release or extinguish the lien of Augusta Clark on said lands from the payment of the annuity provided for and directed to be paid to her by the will of said George Clark, deceased."

At the same time George H. Clark, Mrs. Townsend and the defendant executed a deed, which, after reciting (1) that the defendant was entitled to an annuity of $1,500 pursuant to the will of George Clark, and to have so much of the property of said George Clark set apart as would produce such annuity, (2) the settlement and division of the estate in consideration thereof, provided that defendant would receive one-half of said annuity from George H. Clark and one-half from Mrs. Townsend, and that she should have a lien as security for the payment of said sum " upon the respective portions of real estate and property of said George H. Clark and Mary A. Townsend, inherited from their father and divided by this settlement." It further provided for the enforcement of payment of the annuity in case of default, and the transfer of defendant's right, title and interest in the property to said George H. and Mary for the sum of $5,000.

These three instruments must be read together and construed with reference to the intent of the parties, and so read it is plain that the purpose was to substitute for the rights which defendant had under the will of George Clark, her husband, the personal obligation of her son and daughter to each pay one-half of the annuity and to

secure such obligation by a lien upon the lands conveyed to each. That was a valid agreement, and the lien was enforcible against the plaintiff's husband. It was in the nature of a purchase-money mortgage, and the plaintiff's rights are subject to it. Her claim to dower can only be asserted through her husband's title, and as that title came to him subject to the lien, her dower is subject to it also.

Such, undoubtedly, was the effect of the agreement upon the undivided one-half of the property in which the defendant had a life estate, and such, in our opinion, was its effect on the undivided one-quarter owned in fee by Mrs. Townsend.

It was a part of the consideration of the conveyance of the defendant's interest in the land that she should have a lien on all the land which was divided by the settlement, and the only thing which postponed the lien of the annuity to the plaintiff's dower in the share which George H. Clark acquired under his father's will, is that the plaintiff executed no paper on the settlement which deprived her of her dower in that share. The only paper executed by her was the deed to Mrs. Townsend. She is not a party to any instrument affecting any of the land described in the complaint, and consequently cannot be deemed to have released a dower right acquired previous to the settlement. But as to the land acquired by the deed of February seventh, her dower is subject to the lien then created as security for defendant's annuity.

The land described in the complaint now stands for all the undivided shares which George H. Clark had or acquired in his father's estate, either by the will or the deed of February seventh, and it follows that as to one-half of that land plaintiff's dower is the superior estate, and, as to the other half, it is subject to the lien of one-half of the defendant's annuity.

The judgment should, therefore, be modified and drawn in accordance with sections 1622, 1623 and 1624 of the Code of Civil Procedure. The amount of damages for withholding plaintiff's dower should be reduced to $1,097.89. The property should be sold by the referee, discharged from the defendant's lien, and he should make a report of the sale as required by section 1623 of the Code of Civil Procedure. Upon the confirmation of such report, if the defendant elects to accept a gross sum in lieu of her annuity, the

court should ascertain the sum that would equal the value of the annuity, and one-half thereof should be paid to her. The gross sum that would be equal to the value of the plaintiff's dower should then be ascertained and paid to her, and the balance remaining should be paid to the defendant. In case the defendant does not elect to receive such a gross sum, then a sum sufficient to produce, at five per cent interest, an annuity of $375, should be set apart from the proceeds of the sale and invested under the direction of the court, and the income paid to defendant during her life. The gross sum that would equal the value of plaintiff's dower in said sum so set apart, and also in the balance of the proceeds, should then be ascertained. The latter sum should be paid to the plaintiff forthwith, and the former on the death of the defendant. The balance of the proceeds should be paid to the defendant.

So modified, the judgment should be affirmed, without costs of appeal.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

The case shows that George Clark, a resident of Orange county, died in 1871, leaving real and personal estate, and leaving a last will and testament. The testator left four children and a widow, the appellant herein. By the terms of the will his widow was given a life estate in the homestead, and the residue of the estate, real and personal, was given to his executors, as follows:

" *Third.* I give, devise and bequeath unto my executrix and execu tors all the rest, residue and remainder of my estate, real and per sonal, so long as my youngest child shall live, but not after the majority of such child shall be reached; upon trust to take charge and possession of the same, and to collect and receive the rents, issues and profits of the realty, and the principal, profits and increase of the personalty, and to invest, manage, expend and control the same as they may deem best; and out of the rents, issues, increase and profits thereof to pay to my wife the sum of one thousand and five hundred dollars per year, in half-yearly payments, commencing immediately after my decease, in addition to the property now occupied as my residence, and then out of the residue of such rents, issues and profits to make such advances to my children, or to

expend for them, respectively, such moneys as may be necessary and proper for their support and education, and for their settlement in life or advancement in business.

" If such rents, issues and profits shall prove insufficient therefor, such deficiency shall be supplied out of the principal of the said personalty.

" Upon the death or majority of my youngest child, during the life of my wife, so much of my property shall be set apart as will produce an annual income of one thousand and five hundred dollars, which be paid to my wife during her life in half-yearly payments; and the rest, residue and remainder of my estate shall be divided among my children, viz. : Mary Augusta, George Horatio, Martha Louisa and Robert Sterling, so that such advances and support as they may respectively have had, as hereinbefore directed, shall make equality of partition among them.

" The provision hereinbefore made for my wife is intended to be in lieu of her dower and distributive share of my estate."

The youngest child of testator was Robert S. Clark, who became twenty-one years of age in 1876. The executors did not then set apart so much of the testator's property as would produce an annual income of $1,500 for the testator's wife, and very soon great changes were made in the title to the estate. The youngest child died within a few months after arriving at his majority. He left a will by which he gave his mother, the defendant, the use of his share in his father's estate for life, with remainder to his brother and sisters. Within a year subsequent to the death of the youngest child, another of the children, a girl, died intestate and without children, and thus her share descended to her mother, brother and sister, as provided by law. The entire estate became thus vested in George H. Clark and his sister, Mrs. Townsend, subject to the rights of their mother. In 1879 George H. Clark married the plaintiff, and on the 7th of February, 1883, the parties, by their several conveyances and agreements, changed the whole situation. The executors of George Clark and Mrs. Townsend and her husband conveyed what was accepted as one-half of the real estate to George H. Clark, and the executors, at the same time, by a deed in which George H. Clark and his wife joined, granted the other part of the real estate to Mrs. Townsend. Each of the deeds reserved the defendant's rights as

follows : " This conveyance does not release or extinguish the lien of Augusta Clark on said lands from the payment of the annuity provided for and directed to be paid to her by the will of said George Clark, deceased."

On the same day the defendant, reciting that the children had divided the estate and property of their father between them, agreed that she would receive one-half the annuity from each of them, and that she should have a lien as security for the payment of the same " upon the respective portions of real estate and property of said George H. Clark and Mary A. Townsend inherited from their father and divided by this settlement, for the punctual and faithful performance on their part of this agreement, and the payment by each of them of said sum of seven hundred and fifty dollars per year, in the manner, at the time or periods of time required by said will."

The case shows that within a few weeks after the execution of these deeds the estate was finally settled by the surrogate of Orange county, and the executors were discharged from their duties under the will.

Under this arrangement each of these parts of the land conveyed to George H. Clark and to his sister became severally chargeable with the payment of $750 to the defendant yearly. The direction to set apart a fund sufficient to produce the sum became inoperative, and by the agreement of all parties interested, including plaintiff and defendant, the annuity was payable out of the land. In 1888 George H. Clark died and left all his property to his mother, the defendant, by will. She has not been able from the use of the land to realize the amount of her annuity from it. The plaintiff's claim is not superior to the payment of the balance unpaid nor is it superior to the payment of the annuity in the future. The plaintiff was given by devise from her son a title charged with the payment of an annuity of $750. His personal estate had nothing to do with it. The land was mortgaged and the defendant is entitled to her security upon it.

The judgment should be reversed and a new trial granted, costs to abide event.

Judgment modified and as modified affirmed, without costs.