714

In the Matter of EAST 42ND STREET, BOROUGH OF BROOKLYN, and Others. (In re DORFMAN.)

Supreme Court, Special Term, Kings County, March 4, 1938.

*Walter Fairchild* [*Nesson G. Kassel* of counsel], for Ida S. Dorfman, for the motion.

*William C. Chanler, Corporation Counsel* [*George S. Parsons, Assistant Corporation Counsel, Leo Lehrfeld, Joseph J. Dunn* and *C. Elmer Spedick* with him on the brief], for the city of New York, opposed.

*Abraham Traub,* for Bertha Long, lienor.

*Samuel Rothenberg,* for the Food Dealers Industrial Bank, lienor.

*Philip E. Semel,* for Sara Figatner, lienor.

*Maurice Edelbaum,* for Ruth Dorfman Berman, lienor.

LOCKWOOD, J. This is an application for an order admeasuring petitioner's dower and declaring it to be a first lien against the balance of the award for damage parcels 210, 211, 144 and 145 in this proceeding.

The damage parcels were owned by petitioner's husband, Reuben Dorfman, on December 1, 1928, the date title vested in the city.

The final decree entered on September 18, 1936, contained an award of $18,700 for these parcels, plus interest of $8,745.37, subject to a mortgage of $4,000, and also subject to the dower rights of petitioner.

Pursuant to an application made by petitioner's husband in 1930, he was paid, on account of the award, the sum of $9,129.31, sixty per cent of the total damage as estimated by the city's expert.

Petitioner's husband died on December 26, 1932, and she was thereafter appointed executrix of his last will and testament. A warrant in the sum of $14,899.18 is now ready for payment to petitioner as such executrix.

The petitioner seeks two forms of relief, or, in the alternative, for at least one of them:

(1) Admeasurement of her dower in the sum of $18,700, less taxes which were a lien on the property on the date title vested, but without deduction of the assessment for benefit on the remaining property.

(2) That the city pay her dower interest in the sum of $9,129.31, the amount of the advance payment made to her husband.

Petitioner claims that if the payment of $9,129.31 had not been made to her husband in 1930, the present warrant would be for the sum of $27,510.89, which, she states, would be ample to pay all taxes, penalties, benefit assessments, all other charges against the property, and her dower interest in the land acquired. She contends that the payment of $9,129.31 to her husband was wrongful and made in violation of her dower rights.

As between the holder of an inchoate right of dower and the sovereign, or its delegate exercising the power of eminent domain, the wife is divested of her interest when payment is made to the owner of the fee, but except as to the sovereign or its delegate her right will be preserved. (*Matter of City of New York [Cropsey Ave.]*, 268 N. Y. 183; *Moore* v. *Mayor of New York*, 8 id. 110.)

Therefore, the city is discharged of any obligation to petitioner based upon her dower rights to the extent of the payment of $9,129.31 made to her husband, the owner of the fee, in his lifetime.

The question remaining is what interest has petitioner in the fund of $14,899.18 now held by the comptroller.

The assessments for benefit entered in this decree against the remainders owned by petitioner's husband at the time of his death, together with taxes and assessments which were liens on the property at the time title vested, total $23,933.94. Petitioner does not question the right of the city to offset the taxes and assessments which were liens on the property on the vesting date, but does contend that as to her dower claim the city may not offset, against the funds in the hands of the comptroller, the assessments for benefit levied in this proceeding.

At the time the assessment herein was levied, petitioner's dower was consummate, not only in the award which represented the realty acquired, but also in the remaining real property owned by petitioner's husband at the time of his death, and against which the assessments for benefit became liens.

The city bases its right to offset upon section 988 of the Greater New York Charter (as added by Laws of 1915, chap. 606) which provides in substance that if a person entitled to an award also owns property against which an assessment in the same proceeding shall have been entered for collection, the city may, without the assent of the person entitled to the award, set off the assessment against the award. Section 969, contained in the same article of the charter, defines " Owner," when used in that article, as a person having an estate, interest, or easement in the real property to be acquired, or a lien charge or incumbrance thereon. If the city has the right of set-off, it must rest upon the statutory provision. (*Matter of Nunez*, 226 N. Y. 246, 250; *Genet* v. *City of Brooklyn*, 99 id. 296, 304.)

It has been held that the city may offset the benefit assessment against an award when application for payment thereof is made by the holder of a mortgage which was a lien on the property acquired. (*Matter of City of New York [East 29th street]*, 273 N. Y. 62, 66.) A mortgage does not give the holder thereof an estate in the land, but is merely a lien or incumbrance thereon.

The right of a widow to dower is not an estate in the land formerly of her husband; until assignment or admeasurement it is only a claim or chose in action. (*Witthaus* v. *Schack*, 105 N. Y. 332; *Aikman* v. *Harsell*, 98 id. 186.)

But the claim to dower can be asserted only through the husband's title, and if that title comes to him subject to a lien, the wife's dower is subject to such lien also. (*Clark* v. *Clark*, 84 Hun, 362.)

Unquestionably the city would have had the right to offset the assessments against the award had petitioner's husband lived and application for payment of the award been made by him. The city also has a right to offset the assessments against the balance of the award payable to the estate of Reuben Dorfman, which now owns the remainders against which the assessments are liens.

Does petitioner, by virtue of her dower, acquire any greater rights in the balance of the award than those possessed by her deceased husband, the owner of the land condemned, or by his estate, the present owner of the remainders and is she entitled to payment of the balance of the award, after deduction of taxes, assessments, and petitioner's dower interest? It is the opinion of this court that she does not. To hold otherwise would give to petitioner's dower claim a preference not possessed by her husband who owned the fee title of the land acquired.

Even after assignment of dower, the estate of the widow is a continuation of the estate of her deceased husband. (*Witthaus* v. *Schack, supra*, at p. 337.) Certainly, then, before assignment or admeasurement the widow's rights may not exceed those formerly possessed by her deceased husband. His interest in the land, after the acquisition represented by his right to payment of the award, was subject to payment of the assessments. Her rights, which are less than, and part of those formerly possessed by him, must be subject to the same burden.

In a controversy between a wife or widow and any one other than the sovereign, her dower interest will be preserved, and the petitioner herein undoubtedly could have compelled the city, upon a proper application, to set aside one-third of the award to safeguard her dower interest as against her husband or any one claiming under him. (*Matter of City of New York* [*Cropsey Ave.*], *supra*.) However, she made no such application.

She contends that on or about December 10, 1925, she wrote a letter to the corporation counsel advising him that she was the wife of Reuben Dorfman and had an interest in the property to be condemned. To substantiate this assertion she introduced into evidence her Exhibit B, a notice from the comptroller dated April 7,

1928, addressed to her at her husband's office, and stating that a warrant in payment of the award made to Reuben Dorfman in the opening of " King's Pkway Bklyn " will be ready for delivery on April 12, 1926.   (One of the foregoing dates is evidently an error.) The fact is that title did not vest in this proceeding until December 1, 1928, the sixty per cent advance payment was not made until July 8, 1930, and the final decree was not entered until September 18, 1936.

Upon the record it must be found as a fact that petitioner gave no notice nor made any application, sufficient to place upon the city any obligation to set aside one-third of the award to preserve her dower interest.   (*Merriman* v. *City of New York*, 227 N. Y. 279.)

In opposition to the present application, one of petitioner's daughters, who shares equally with her sister and petitioner under the terms of decedent's will, submits an affidavit wherein she states that petitioner had knowledge of the payment to be made to her father and at no time objected to it.   She further asserts that petitioner has accepted the terms of the will in preference to her dower right and has failed to elect as required by section 18 of the Decedent Estate Law.   The record, however, does not include sufficient facts upon which to consider the latter contention, if it be material.

Upon the foregoing, the liens and set-offs prior to petitioner's dower interest exceed the balance of the award now payable, and the relief sought by petitioner must, therefore, be denied.

Settle order on notice.